UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALBERT DE LA GARZA, | § | |
| TDCJ #00645460, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0240 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Albert De La Garza is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1) and a memorandum of law in support of his petition (Dkt. 2). De La Garza also has filed an application to proceed *in forma pauperis* (Dkt. 3), which will be **granted** based on his prisoner trust fund account statement (Dkt. 4).

After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.    BACKGROUND**

De La Garza is currently imprisoned at TDCJ's Ramsey I Unit. He is serving a thirty-year sentence for aggravated robbery, Case No. 655532, 179th District Court of Harris County. His petition does not challenge his conviction or sentence. Rather, he seeks relief from a conviction for stealing salt at the Ramsey Unit on April 6, 2018, in

disciplinary case number 20180198924 (Dkt. 1, at 5). De La Garza was punished by thirty days recreation restriction, thirty days commissary restriction, thirty days offender telephone use restriction, and reduction in line class from S3 to S4 (*id*.). He states that he did not lose previously earned good time days and that he is not eligible for release on mandatory supervision (*id.*). He also states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6; Dkt. 2).

## II. PRISON DISCIPLINARY PROCEEDINGS

As a preliminary matter, this Court may hear De La Garza's petition because he currently is incarcerated in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

De La Garza cannot demonstrate a constitutional violation in this case because, as he admits in his Petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). De La Garza was convicted of aggravated robbery under Texas Penal Code § 29.03 and, as a matter of Texas law, this conviction renders him ineligible. *See* TEX. GOV'T CODE § 508.149(a)(12) (inmates serving a sentence for conviction under Texas Penal Code § 29.03 "may not be released to mandatory supervision"). This is fatal to his claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit. *See Malchi*, 211 F.3d at 957-58. Additionally, De La Garza states that he did not lose previously earned good time credits (Dkt. 1, at 5).

Although De La Garza's disciplinary conviction also resulted in a reduction of his classification, which can have a potential impact on the prisoner's ability to earn good time credit, the Fifth Circuit has held that this consequence is too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Moreover, the Fifth Circuit has held that sanctions affecting an inmate's privileges, such as those for recreation or commissary, are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Under these circumstances, De La Garza cannot demonstrate a constitutional violation and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The application to proceed *in forma pauperis* (Dkt. 3) is **GRANTED**.

2. The relief sought in the federal habeas corpus petition filed by Albert De La Garza is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 4th day of October, 2018.

_____
George C. Hanks Jr.
United States District Judge