UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RICHARD SMITH, TDCJ # 02037971, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0290 |
| LORIE DAVIS, | § § § | |
| Defendant. | § § | |

## ORDER TO TRANSFER

Petitioner John Richard Smith, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges a 2015 conviction for murder in the 263d Judicial District Court of Harris County, Cause Number 1395401. Smith is proceeding *pro se*. Although Smith captioned his petition for the Southern District of Texas, Houston Division, the case was docketed in the Galveston Division. After reviewing the pleadings, the Court concludes that this action must be transferred to the Houston Division for reasons set forth briefly below.

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in

the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Harris County, where the challenged state court conviction was entered, is located in the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). The Terrell Unit, where the petitioner is presently incarcerated, is located in Brazoria County, which is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Although the petition was properly filed in the Southern District of Texas for purposes of Section 2441(d), the challenged conviction has no ties to the Galveston Division. Under these circumstances, and in the interest of justice, a transfer to the Houston Division is appropriate. *See* 28 U.S.C. § 1404(a); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction); Southern District of Texas General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered).

In the exercise of its discretion and in furtherance of justice, this Court will transfer the petition pursuant to 28 U.S.C. § 2241(d), 28 U.S.C. § 1404(a), and Southern District policy.

Based on the foregoing, the Court **ORDERS** the Clerk of Court to **TRANSFER** this habeas action to the United States District Court for the Southern District of Texas, Houston Division, and to provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 4th day of October, 2018.

George C. Hanks Jr.
United States District Judge